CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

APR 0 8 2025

LAURA A. AUSTIN CLERK
BY: *R. Bordine*
DEPUTY CLERK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No.:** _1:25cr10_ |
| **v.** | : | |
| | : | **Violations: 18 U.S.C. § 371** |
| **HATLER DEE KISER** | : | **18 U.S.C. § 922(a)(1)(A)** |
| | : | **18 U.S.C. § 922(a)(5)** |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. From in or about April 2022 through in or about February 2023, in the Western District of Virginia and elsewhere, HATLER DEE KISER, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully engaged in the business of dealing in firearms.

2. All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

### COUNT TWO

The Grand Jury charges that:

1. From in or about April 2022 through in or about February 2023, in the Western District of Virginia and elsewhere, HATLER DEE KISER, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, conspired with another person, who was not a

licensed importer, licensed manufacturer, or licensed dealer, to willfully engage in the business of dealing firearms without a license in violation of Title 18, United States Code, Section 922(a)(1)(A).

2.      To effect the object of the conspiracy, HATLER DEE KISER did various acts, including, but not limited to:

      a.  purchasing firearms from firearms distributors;

      b.  transporting purchased firearms from Kentucky to the Western District of Virginia; and

      c.  delivering firearms from Kentucky to persons in the Western District of Virginia.

3.      All in violation of Title 18, United States Code, Section 371.

## COUNT THREE

The Grand Jury charges that:

1.      On or about April 29, 2022, in the Western District of Virginia and elsewhere, the defendant, HATLER DEE KISER, not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully transferred, sold, traded, gave, transported, and delivered firearms to another person, said person not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in Kentucky, the state in which HATLER DEE KISER was residing at the time of the aforesaid transfer, sale, trade, giving,

USAO No. 2023R00079                              2

transportation, and delivery of such firearms. All in violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## COUNT FOUR

The Grand Jury charges that:

1.      On or about June 1, 2022, in the Western District of Virginia and elsewhere, the defendant, HATLER DEE KISER, not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully transferred, sold, traded, gave, transported, and delivered firearms to another person, said person not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in Kentucky, the state in which HATLER DEE KISER was residing at the time of the aforesaid transfer, sale, trade, giving, transportation, and delivery of such firearms.

2.      All in violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## COUNT FIVE

The Grand Jury charges that:

1.      On or about June 8, 2022, in the Western District of Virginia and elsewhere, the defendant, HATLER DEE KISER, not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully transferred, sold, traded, gave,

transported, and delivered firearms to another person, said person not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in Kentucky, the state in which HATLER DEE KISER was residing at the time of the aforesaid transfer, sale, trade, giving, transportation, and delivery of such firearms.

2.     All in violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## COUNT SIX

The Grand Jury charges that:

1.     On or about July 27, 2022, in the Western District of Virginia and elsewhere, the defendant, HATLER DEE KISER, not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully transferred, sold, traded, gave, transported, and delivered firearms to another person, said person not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in Kentucky, the state in which HATLER DEE KISER was residing at the time of the aforesaid transfer, sale, trade, giving, transportation, and delivery of such firearms.

2.     All in violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

USAO No. 2023R00079                              4

## COUNT SEVEN

The Grand Jury charges that:

1.     On or about February 2, 2023, in the Western District of Virginia and elsewhere, the defendant, HATLER DEE KISER, not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully transferred, sold, traded, gave, transported, and delivered firearms to another person, said person not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in Kentucky, the state in which HATLER DEE KISER was residing at the time of the aforesaid transfer, sale, trade, giving, transportation, and delivery of such firearms.

2.     All in violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## NOTICE OF FORFEITURE

1.     Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant shall forfeit to the United States:

    a. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c),

    b. any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses, pursuant to 18 U.S.C. § 981(a)(1)(C).

USAO No. 2023R00079                              5

2.    The property to be forfeited to the United States includes but is not limited to the following property:

**a. Money Judgment**

An undetermined sum in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

b.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this _8th_ day of April, 2025.

s/ Grand Jury Foreperson

_Whitey D. Price_ For
ZACHARY T. LEE
Acting United States Attorney

USAO No. 2023R00079                          6