**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:25-CR-00010** |
| | ) | |
| **HATLER DEE KISER** | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM REGARDING**
**HATLER DEE KISER**

The United States, having considered the facts and circumstances of this case, and the sentencing factors set forth in 18 U.S.C. § 3553(a), respectfully recommends that the Court impose a sentence at the low end of the guidelines range, followed by three years of supervised release.

In his Sentencing Memorandum, Mr. Kiser asks the Court to sentence him to probation like the Court did with Richard Harvey in July of last year.  *See* ECF No. 42 at 1.  Kiser argues that probation is appropriate because he and Mr. Harvey "sold firearms side-by-side, from the same road, at the same time, in the same manner."  *Id.*  While that is all true in the general sense, there are significant differences between the two cases.

Unlike Harvey, Kiser was warned multiple times about what he was doing, both in person and via written notice.  During undercover purchases, Kiser bragged about knowing the rules, he laughed about ATF warning him, and he bragged about avoiding ATF's notice. PSR ¶ 19–20.  Unlike Harvey, Kiser sold at least one machinegun.  PSR ¶ 30.  Unlike Harvey, Kiser lied to the ATF after he was caught, claiming that he had asked all his customers their ages and whether they were felons.  PSR ¶ 28.  (Kiser recanted that statement after he realized

ATF agents had personally watched his gun sales and had never seen him ask such questions. PSR ¶ 28–30.)    Unlike Harvey, who pled guilty to an Information, Kiser required an Indictment and waited until a month before trial to plead guilty.  Unlike Harvey, who was seventy-five years old when he was sentenced, Kiser is only fifty-four.

Kiser continues to minimize his criminal conduct, arguing that he committed a "regulatory" offense and "was selling and buying guns as a hobby and to enhance his own gun collection." ECF No. 42 at 3.  Not so.  Kiser sold many guns every year, for many years, to whoever wanted to buy one.  He did it to make money, and he didn't really care who ended up with the gun or what they did with it.  He used his profits to take vacations and go out to eat. *Id.*  PSR ¶ 30.  He reveled in his wrongdoing.

Aside from Kiser's cooperation (which does not merit a substantial-assistance motion), there is nothing about this case that takes it outside the heartland of similar cases. The Sentencing Guidelines recommend a sentence between eighteen and twenty-four months, and the government believes that a sentence at the low end of that range would be sufficient but not greater than necessary to satisfy the purposes of sentencing.

## SENTENCING WITNESSES

The government intends to call ATF Special Agent Cody Vines to testify at sentencing.  Special Agent Vines is expected to offer testimony to rebut Kiser's assertion that he was selling guns as a hobby.  He will also speak to ATF "traces" involving Kiser's gun sales, and Kiser's cooperation.

## SUPERVISED RELEASE

The government recommends that the Court impose three years of supervised release,

which would be consistent with the Sentencing Guidelines.

## CONCLUSION

The United States respectfully recommends that the court impose a sentence at the low end of the guidelines range followed by three years of supervised release, which would be sufficient but not greater than necessary to address the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

s/ *Whitney D. Pierce*
Assistant United States Attorney
Virginia Bar No. 82520
U.S. Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)
USAVAW.ECFAbingdon@usdoj.gov